IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOE WESSON,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:14-CV-4325-L** |
| | § | |
| **CITY OF DALLAS AND** | § | |
| **JESUS MARTINEZ,** | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the court is Defendant Officer Jesus Martinez's Motion to Set Aside Entry of Default (Doc. 23), filed May 21, 2015; and Defendant City of Dallas' Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiff's Claims Alleged Against It in the Plaintiff's First Amended Complaint (Doc. 22), filed May 4, 2015.  The motions were referred to Magistrate Judge Paul D. Stickney, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on January 19, 2016 (Docs. 30, 31) ("Reports"), recommending that the court grant Defendant Officer Jesus Martinez's Motion to Set Aside Entry of Default (Doc. 23) and grant in part Defendant City of Dallas' Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiff's Claims Alleged Against It in the Plaintiff's First Amended Complaint (Doc. 22).  With respect to the motion to dismiss, the magistrate judge recommends that the court deny the motion to dismiss as to Plaintiff's section 1983 claim and grant the motion to dismiss Plaintiff's negligence claims but allow Plaintiff to replead his negligence claims (Doc. 30). No objections were filed to the magistrate's recommendation to set aside the entry of default.  The City of Dallas ("City") filed objections to the magistrate's recommendation regarding its motion to dismiss.

In its objections, the City contends that the magistrate judge erred in concluding that an action against it for negligence is plausible and allowing Plaintiff to replead his negligence claims. The City contends that it did not negligently entrust Officer Martinez with tangible personal property that Plaintiff alleges caused his injuries. The City asserts that under Texas tort law, a plaintiff cannot create a cause of action against a governmental entity by casting an intentional tort as negligence.

The magistrate judge states regarding Plaintiff's negligence claims: "Plaintiff alleges that Defendant failed to sufficiently train Officer Martinez and that he misused tangible property by squeezing handcuffs around his wrists too tight and hitting him repeated[ly] in the head with his baton. Report 19 (citing Pl.'s Am. Compl. 4, 6, 10-13). The magistrate judge reasons that, [w]hile the facts alleged in connection with Plaintiff's negligence claims against Defendant do not presently appear to withstand dismissal, Plaintiff has alleged enough facts which makes the undersigned believe that Plaintiff may be able to plead plausible negligence claims against Defendant, if given the opportunity to re-plead." *Id.*

On March 3, 2016, the parties filed a Stipulation of Dismissal of Certain claims ("Stipulation") (Doc. 33). Specifically, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiff, the City, and Jesus Martinez ("Martinez") agree to the dismissal of Plaintiff's negligence claim. The Stipulation states that this claim is the basis for the magistrate judge's recommendation that Plaintiff should be allowed to replead and the City's objection. The Stipulation states that, in light of the parties' agreement, Plaintiff's only remaining claims are for excessive force and false arrest against the City and Martinez. The parties request that the court enter an order of dismissal in accordance with the parties' agreement to dismiss Plaintiff's negligence claim.

The parties' Stipulation moots the magistrate judge's findings and conclusions (Doc. 30) as to the City's motion to dismiss Plaintiff's negligence claim. It also moots the City's objections

regarding Plaintiff's negligence claim.  The court, therefore, **rejects as moot** the magistrate judge's findings and conclusions regarding Plaintiff's negligence claim, **denies as moot** the City's objection in this regard, and **denies as moot** Defendant City of Dallas' Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's negligence claims (Doc. 22).  Further, pursuant to the parties' agreement and Stipulation, the court **dismisses** Plaintiff's negligence claim against the City.  Because the Stipulation does not state whether dismissal is with prejudice, dismissal shall be without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice.").

With respect to the remainder of the magistrate judge's findings and conclusions (Docs. 30, 31), the court has reviewed the pleadings, motion, file, Report, and record in this case. The court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court.  Accordingly, the court **denies** Defendant City of Dallas' Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiff's Claims Alleged Against It in the Plaintiff's First Amended Complaint with respect to  Plaintiff's section 1983 claim (Doc. 22).  Further, the court **grants** Defendant Officer Jesus Martinez's Motion to Set Aside Entry of Default (Doc. 23), and **sets aside** the entry of default against him.  Martinez **shall** file an answer or otherwise respond to Plaintiff's Amended Complaint by **March 30, 2016.**

**It is so ordered** this 9th day of March, 2016.

_____
Sam A. Lindsay
United States District Judge